NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

In the matter of                          :     **Civil Action No. 10-5661 (JAP)**
                                          :
VATHSALA SRINIVASAN,                      :     Case No. 10-12732 (RTL)
                                          :
      Debtor.                             :
                                          :
_____

VATHSALA SRINIVASAN,                      :
                                          :     Adver. Proc. No. 10-1545 (RTL)
                                          :
      Plaintiff,                          :
v.                                        :
                                          :     **OPINION**
SALLIE MAE, INC,                          :
                                          :
      Defendant.                          :
_____

PISANO, District Judge.

    This matter comes before the Court by way of an appeal by *pro se* appellant Vathsala Srinivasan ("Appellant" or "Debtor") from the following three orders of the bankruptcy court: (1) an order denying motion for sanctions under Bankruptcy Rule 9011 against Educational Credit Management Corporation ("ECMC") entered on August 3, 2010; (2) an order denying entry of judgment by default and closing the adversary proceeding dated September 7, 2010; and (3) and order denying appellant's motion for an order amending the September 7th order and to make additional findings of fact under Rule 7052 dated October 4, 2010.  ECMC has filed a motion to dismiss the appeal as to the

August 3rd order.  For the reasons below, ECMC's motion is denied, and the orders of the bankruptcy court are affirmed.

## I.  Background

A.  The Bankruptcy Proceedings

Appellant filed a voluntary Chapter 7 bankruptcy petition on January 30, 2010.  On May 10, 2010, the bankruptcy court entered an order discharging Debtor and on May 17, 2010 the bankruptcy case was closed.  In the course of the bankruptcy proceeding, on April 22, 2010, Appellant filed an adversary complaint, naming Sallie Mae, Inc. ("Sallie Mae") as defendant, seeking a determination that her consolidated student loan debt was dischargeable under 11 U.S.C. §523(a)(8).  Sallie Mae did not file an answer to the complaint; rather, ECMC, believing that it was the proper party in interest with respect to Appellant's student loan debt, timely filed an answer to the complaint and moved for an order substituting ECMC for the named defendant Sallie Mae.  Appellant objected to ECMC's motion to intervene and cross-moved for sanctions against ECMC's counsel, alleging that ECMC's motion was without basis.  Appellant also moved for entry of default and default judgment against Sallie Mae.

In addressing the motions, the bankruptcy court examined the evidence before it and concluded that there were a number of entities that, at one time or another, held Appellant's student loan.  While it was unclear from the evidence produced who the holder of the debt was at that time, none of the evidence showed that either Sallie Mae or ECMC ever held the loan.  Finding that ECMC could not produce evidence of a chain of title showing it was the holder of Debtor's student loan, the bankruptcy court denied the motion for substitution and entered a default against Sallie Mae.  *See* Docket Entry Nos. 35, (order

denying motion to substitute) 36 (order denying motion for sanctions), and 38 (transcript of decision) in Adversary Proc. No. 10-1545.[1] However, the bankruptcy court would not enter judgment by default against Sallie Mae, finding as follows:

> [T]he Debtor does not owe a debt to Sallie Mae, Inc. and did not owe a debt to Sallie Mae, Inc. on the date she filed bankruptcy. Sallie Mae, Inc. has merely been the servicer of her consolidated loan. Since there is no debt due from the Plaintiff/Debtor to the Defendant, Sallie Mae, Inc., no purpose would be served in declaring the debt dischargeable.

Docket Entry No. 54 (Opinion) at 6-7.

On September 7, 2010, the court entered an order denying Appellant's request for judgment by default and closed the adversary proceeding. Docket Entry No. 53. Appellant then filed a motion under Bankruptcy Rule 7052 asking the bankruptcy court to amend its September 7th order and to make additional findings relating to the discharge of her student loan debt. The Court denied Appellant's motion by order entered October 5, 2010. Appellant filed her Notice of Appeal on October 15, 2010.

II. Analysis

A. Motion to Dismiss

ECMC moves to dismiss the appeal of the bankruptcy court's August 3, 2010 order denying Appellant's motion for sanctions as untimely. ECMC argues that Appellant had 14 days from entry of that order – until August 17, 2010 – to file her notice of appeal but failed to do so and, thus, her appeal is untimely. The Court disagrees.

Appeals from the bankruptcy court to the District Court are governed by 28 U.S.C. § 158. Pursuant to § 158(a), the District Court has mandatory jurisdiction over "final

---

[1] Unless otherwise indicated, the docket entries referred to herein are with respect to Adversary Proceeding No. 10-1545.

judgments, orders, and decrees of the bankruptcy court" and discretionary jurisdiction over "other interlocutory orders and decrees." 28 U.S.C. § 158(a)(1) and (3). In order for a district court to acquire jurisdiction over a bankruptcy order, a party must file a notice of appeal in the bankruptcy court within fourteen days of the entry of a final order. Fed. R. Bankr. P. 8002(a); *In re Caterbone*, 640 F.3d 108, 112 (3d Cir. 2011). Traditionally, an order is considered final and appealable only if it "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). The issue here is whether the bankruptcy court's order denying sanctions was a "final order" such that Appellant's time to appeal the order started running upon its entry.

      Citing no authority so holding, ECMC argues that the bankruptcy court's order denying the motion for sanctions was a final order that was mandatorily appealable upon its entry. However, courts have found to the contrary. *See In re Topper*, 23 Fed. Appx. 127 (4th Cir. 2001) (affirming district court's finding that bankruptcy court's order denying motion for sanctions was not a final order and stating that "[a] denial of a motion for sanctions is not final and is reviewable on appeal from a final judgment."); *Empresas Omajede, Inc. v. A.J. Bennazar-Zequeir*, 213 F.3d 6, 9 (1st Cir. 2000) ("The district court … was without jurisdiction to hear appellants' appeal [of the bankruptcy court's order denying sanctions] before final judgment was granted in the underlying bankruptcy proceedings…"); *In re Rambow*, 2010 WL 5137600 *1 (D.N.J. 2010) (bankruptcy court's order denying motion for sanctions is interlocutory and not a final order).

      It is true that in this circuit, courts apply a flexible and pragmatic approach to finality in the bankruptcy context because of considerations unique to bankruptcy. *See,*

4

*e.g., In re Armstrong World Indus., Inc.*, 432 F.3d 507 (3d Cir. 2005). The Third Circuit has explained that "[b]ankruptcy cases frequently involve protracted proceedings with many parties participating;" consequently, "[t]o avoid the waste of time and resources that might result from reviewing discrete portions of the action only after a plan of reorganization is approved, courts have permitted appellate review of orders that in other contexts might be considered interlocutory." *In re Amatex Corp.*, 755 F.2d 1034, 1039 (3d Cir. 1985). However, courts must "adhere to the traditional, less flexible standard of finality when no countervailing bankruptcy considerations are present." *Commerce Bank v. Mountain View Village, Inc.*, 5 F.3d 34, 37 (3d Cir. 1993). Moreover, with regard to adversary proceedings, the Third Circuit has explained that "the general antipathy toward piecemeal appeals still prevails in individual adversary actions." *In re Truong*, 513 F.3d 91, 94 (3d Cir. 2008).

> In this respect, an order in an individual adversary proceeding is not final unless it "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Bethel v. McAllister Bros., Inc.*, 81 F.3d 376, 381 (3d Cir.1996) (internal quotation and citation omitted). Thus, "even in bankruptcy appeals the concept of finality is not open-ended. Orders that do not fully adjudicate a specific adversary proceeding … are governed by the ordinary finality precepts of routine civil litigation." *United States v. Nicolet, Inc.*, 857 F.2d 202, 206-07 (3d Cir. 1988).

*Id.* Consequently, as the sanctions order appealed from did not fully adjudicate the adversary proceeding, it was not a final order.

Having found that the sanctions order was not mandatorily appealable upon entry, the Court addresses ECMC's alternative argument. ECMC argues that if the Court were to find that the sanctions order was interlocutory in nature when it was entered, this appeal should nonetheless be dismissed because Appellant has failed to seek leave to appeal and,

thus, the Court allegedly lacks jurisdiction. A district court lacks jurisdiction over an interlocutory appeal unless leave is sought and granted. 28 U.S.C. § 158(a)(3). Because the adversary proceeding concluded prior to the filing of this appeal, and Debtor takes this appeal from the entry of final judgment, the bankruptcy court's sanctions order was properly appealable at the time Appellant filed her appeal. *See Livera v. First Nat. State Bank of New Jersey*, 879 F.2d 1186, 1190 (3d Cir. 1989) (Upon entry of a final order "terminating a litigation, orders previously entered during the course of the action can be reviewed … if so requested by an aggrieved party) (applying 28 U.S.C. § 1291). The Court finds ECMC's argument to the contrary to be completely without merit.

On September 7, 2010, the bankruptcy court entered an order denying Debtor's application for judgment by default and closing the adversary proceeding. Plaintiff filed a motion under Bankruptcy Rule 7052 for additional findings of fact, which was denied by order dated October 4, 2010. Plaintiff filed her notice of appeal on October 15, 2010, well within the 14-day time period provided by the rules. *See* Bankruptcy Rule 8002(a) and (b). Consequently, ECMC's motion to dismiss the appeal as untimely is denied.[2]

---

[2] The cover of Appellant's opposition brief to ECMC's motion to dismiss indicates that it contains a "Request For Sanctions Against Counsel for ECMC." Within the brief, the only argument in support of such a request are two sentences under the heading "Conclusion" which state that sanctions are warranted under "BR 9011, FRCP Rule 11 and 28 U.S.C. Sec. 1927" because ECMC's counsel "has filed the instant motion in bad faith and[] he is multiplying the proceedings unreasonably and vexatiously." Opp. Brf. at 5. To the extent that this can be considered a cross-motion for sanctions, it is denied. Appellant's fails to support her accusation of bad faith with reference to any facts, and the Court finds no basis in the record of this motion to support an award of sanctions.

B. Bankruptcy Appeal

1. Standard of Review

"The proper standard of review to be applied by a district court when reviewing a ruling of a bankruptcy court is determined by the nature of the issues presented on appeal." *In re Beers*, 2009 WL 4282270, *3 (D.N.J. 2009) (quoting *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee*, 321 B.R. 147, 157 (D.N.J. 2005). A district court reviews "the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re United Healthcare System, Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (quoting *In re Trans World Airlines, Inc.*, 145 F.3d 124, 130-31 (3d Cir. 1998)).

1. October 3rd Order Denying Sanctions

Debtor moved before the bankruptcy court for the imposition of sanctions pursuant to Bankruptcy Rule 9011 against ECMC's counsel, claiming that in the ECMC's counsel made "blatantly false" representations in a motion before the bankruptcy court that Debtor's student loans "have or will soon be assigned to ECMC" and, further, that ECMC rather than Sallie Mae was the true party in interest. The bankruptcy court denied the motion.

The Court reviews the denial of sanctions under the deferential abuse of discretion standard. *Churchill v. Star Enterprises*, 183 F.3d 184, 189 (3d Cir. 1999). In this case, the Court finds that the bankruptcy court did not abuse its discretion in denying an award of sanctions. The imposition of Rule 9011 sanctions is intended to correct abusive behavior and is reserved for "exceptional circumstances" where a claim is "patently unmeritorious or frivolous." *Dura Sys., Inc. v. Rothbury Inv., Ltd.*, 886 F.2d 551, 556 (3d Cir. 1989)

(quoting *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (citing *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986) ("Rule 11 is violated only when it is patently clear that a claim has absolutely no chance of success."))). The record here does not evince any basis for a sanctions award. The record simply does not show, and Appellant has utterly failed to point to, any "objectively unreasonable conduct" on the part of ECMC's counsel. *See Fellheimer, Eichen & Braverman, P.C. v. Charter Technologies, Inc.*, 57 F.3d 1215, 1225 (3d Cir. 1995) (Rule 11 sanctions require a showing of "objectively unreasonable conduct"). Consequently, the Court sees no basis to disturb the decision of the bankruptcy court denying the Appellant's motion for sanctions.

2.  September 7th Order Denying Judgment by Default

    Debtor moved for judgment by default against Sallie Mae in the adversary proceeding, seeking a determination that Debtor's student loan was dischargeable. In denying this motion for default judgment against Sallie Mae, the bankruptcy court found as a factual matter that there was no evidence that Sallie Mae ever held an interest in Appellant's student loans. Indeed, the evidence before the bankruptcy court showed that there were several entities that at some time may have held Appellant's student loan debt. However, none of these entities were Sallie Mae. Rather, the evidence showed, and the bankruptcy court found, that the only interest that Sallie Mae had in Appellant's loans was as servicer of those loans. This Court finds no clear error in the bankruptcy court's findings. *In re Kane*, 628 F.3d 631, 636 (3d Cir. 2010) (factual findings reviewed for clear error).

    Having found that Appellant did not owe any money to Sallie Mae, the bankruptcy court did not abuse its discretion in not entering default judgment against Sallie Mae. *See*

8

*Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1303 (3d Cir.1995) (abuse of discretion standard applicable on review of denial of default judgment). It is well established that the entry of default does not automatically entitle the non-defaulting party to the entry of a default judgment. *In re Park*, 272 B.R. 323, 328 (Bankr. D.N.J. 2001). The entry of a judgment by default is discretionary, and "a request for entry of default judgment may be denied when the facts of the complaint or contested matter are insufficient to support the claim for relief." *In re Jasinski*, 406 B.R. 653, 656 (Bkrtcy. W.D. Pa. 2009). Absent evidence in the record establishing that Sallie Mae was the holder of Appellant's loan, entry of judgment in the adversary against Sallie Mae was not warranted. As noted by the bankruptcy court, "since there is no debt due from the Plaintiff/Debtor to the Defendant, Sallie Mae, Inc., no purpose would be served in declaring the debt dischargeable." Docket Entry 54 at 6-7. The bankruptcy court's order denying Appellant's motion for entry of default judgment shall be affirmed.

3. October 4, 2010 Order

After the adversary proceeding was closed, Debtor filed a motion under Rule 7052 seeking the correction of certain items in the bankruptcy court's written decision and asking the court to made certain additional findings and conclusions. In particular, Debtor sought a ruling in the adversary proceeding that her student loan had been discharged with her other debts on May 10, 2010. The bankruptcy court denied the motion.

Before this Court, it appears that Appellant is appealing the bankruptcy court's order to the extent the court did not enter a judgment finding Appellant's student loan dischargeable against non-parties Sallie Mae Education Trust, USA Funds Inc, and ECMC. However, because these entities were not parties to the adversary proceeding (indeed,

Debtor successfully opposed ECMC's motion to intervene), the bankruptcy court was without power to grant such relief.

### III.  Conclusion

       For the reasons above, the orders of the bankruptcy court are affirmed.  An appropriate Order accompanies this Opinion.

                                         /s/ Joel A. Pisano
                                         JOEL A. PISANO, U.S.D.J.

Dated:  July 25, 2011